# CIRCUIT COURT OF THE CITY OF RADFORD

Lois M. Edmonds

v.

Radford University

September 18, 2001

BY JUDGE DUANE E. MINK

This matter comes before the Court pursuant to § 2.1-116.07:1 of the Code of Virginia for a review of the hearing officer's decision rendered by Thomas E. Wray, Hearing Officer, duly designated to hear the grievance filed by Lois M. Edmonds against Radford University. The record reflects that the University issued two Group 1 written notices against Lois Edmonds on June 21, 2000, with both offense dates being noted as June 16, 2000. The first Group 1 written notice was issued for uncooperative and disruptive behavior and the second was issued for inadequate or unsatisfactory work performance. The hearing officer decided that the University had failed to prove by a preponderance of the evidence that the written notice for uncooperative behavior was appropriate. Therefore, that action was dismissed. On the second notice, the hearing officer found that "the agency has shown that the disciplinary action taken regarding the inadequate job performance was appropriate under the circumstances. The agency action concerning this written notice should be, and hereby is, upheld." The grievant, Lois Edmonds, appealed that decision and this cause is appropriately before the court pursuant to her appeal.

The first issue to be determined by the Court is the University's assertion that the grievant has failed to raise an appealable issue in this cause. In its brief the University appropriately points out that the Virginia General Assembly in permitting appeals of hearing officers' rulings under the grievance procedure, limited the appellant review to any appeal "on the ground that the determination is contradictory to law." Section 2.1-116.07:1(B), Code of Virginia. In support of its position, the University opines that the grievant does not allege any errors of law, but instead, argues that the hearing officer "abused his discretion," and that the appellant's brief relates solely to the disagreement with the hearing officer's factual findings and his conclusions. Therefore, there are no errors of law which would be reviewable by this Court. On the other hand, in the grievant's brief in response the grievant correctly points out that the Code Section does not use the language "error of law," but rather "contradictory to law." The grievant also correctly points out a portion of the duties of the hearing officer as prescribed in § 2.1-116.07(B)(5), (6). Then, basically, the grievant contends that the decision of the hearing officer was not supported by the evidence and was, therefore, contrary to the law and the evidence in the case, thus, "contradictory to law."

The Court has expended a great deal of time in an effort to determine the significance of the Legislature's election to use the language "contradictory to law" as set forth in § 2.1-116.07:1 as opposed to the "error of law" set forth in § 9.6-14:17 of the Code of Virginia. First, it is interesting to note that effective October 1, 2001, the Legislature has amended and recodified Code § 9-6.14:17, and, effective the same date, it has recodified and amended slightly § 2.1-116.07:1. Section 9.6-14:17 has been renumbered to § 2.2-4027 and amended to clearly itemize and set forth errors of law which are subject to review by the Court. One of the issues of law is set forth in Subparagraph (iv) "the substantiality of the evidentiary support of findings of fact," accordingly, with regard to factual findings this sets the standard of review of agency decision which are covered by the Administrative Process Act. The Court is of the opinion that, when the Legislature has elected to provide for a separate and distinct method of review by the court, then such review is not subject to the Administrative Process Act, but subject to the provisions of the appropriate legislation. *White v. School Board of Henrico County*, 36 Va. App. 137, 152, 549 S.E.2d 16 (2001). It is also noted that, although the Legislature undertook to define "errors of law," there was no definition provided for "contradictory to law" in the renumbering and amendments to § 2.1-116.07:1, as renumbered § 2.2-3006, effective October 1, 2001.

Inasmuch as the Legislature has revisited provisions of the Administrative Process Act, as well as the review of provisions of the Department of

Employment Dispute Resolution Act, and has elected to use different language with regard to the standard of review, the Court must first attempt to confine its deliberation to the appropriate interpretation of the language "contradictory to law" as opposed to "errors of law." The undersigned is cognizant of the fact that this appeal is not governed by the amendments mentioned herein which became effective October 2001. However, the changes are instructive as to the Legislature's decision to continue its distinction with regard to court review of agency decisions.

In an attempt to analyze the extent of the Court's jurisdiction to review the hearing officer's decision, it is incumbent upon the Court to review the duties of the hearing officer in the performance of his duties. Those duties are fully set forth in § 2.1-116.07 and, after defining the duties, it further provides as follows, to wit:

> D. The decision of the hearing officer shall (i) be in writing, (ii) contain findings of fact as to the material issues in the case and the basis for those findings, and (iii) be final and binding if consistent with law and policy.

It is further noted that, pursuant to § 2.1-116.07(A), the Director of the Department of Human Resource Management has the responsibility of deciding whether or not the decision is consistent with policy. Under Paragraph B, the Court is responsible for determining whether or not the decision is consistent with law, as well as the issue as to whether or not it is "contradictory to law." The Court has found no case law interpreting this particular language since the Employment Dispute Resolution Act was amended to permit the appeal of the decision of the hearing officer. The Court has reviewed both procedures in an effort to determine whether or not there is a distinction between the reference to "contradictory law" as opposed to "errors of law." The Court is of the opinion that there is a distinction. First, the Legislature is presumed to be aware of all the statutes which it enacts and the election to use different language in the Employment Dispute Resolution Act as opposed to the Administrative Process Act is significant. Accordingly, the Court is of the opinion that inasmuch as the Legislature has mandated that the hearing officer's decision shall be final and binding if consistent with law and policy and is otherwise uncontradictory to law, then this court cannot substitute its opinion of the facts for those of the hearing examiner.

In the foregoing context, the Court has determined that the appellant's basis of review relies entirely upon her position that the hearing officer's findings were contrary to the law and the evidence. In other words, the facts

could not have been as ascertained by the hearing examiner. In her memorandum, she asserts that the conclusion by the hearing officer that she was not getting her work done was not the point in contention. "Grievant could not 'get her work done' because the amount of work she was given was absolutely impossible to complete during her working hours." The hearing officer considered this explanation and found in his decision that "the grievant's rationale for failing to keep abreast of her work in the Periodical Department was not convincing. Even giving the grievant the benefit of viewing her work on the budget, she simply made no attempt to do the work assigned." The hearing examiner had the benefit of listening to all of the evidence of the University, as well as the evidence of the petitioner, and found in favor of the University. Under the rationale set forth above, the Court feels that it cannot substitute its opinion of the facts on those factual issues decided by the hearing officer. Beyond the allegation of the insufficiency of the evidence, there is no other basis set forth by the grievant in support of her appeal. For instance, there is no allegation of a violation of constitutional right, nor an allegation of a violation of the statutory authority or jurisdictional limitation, nor is there any allegation of a procedural deficiency. Such allegations would, in the Court's opinion, constitute violations, if proven, and would be contradictory to law. Inasmuch as Code § 2.1-116.07(D) provides that the decision shall be "final and binding if consistent with law," the Court upon review cannot substitute its judgment on the factual issues decided by the hearing officer in this case, and his decision should be affirmed.

The Court is of the opinion this is dispositive of the issues in this case. However, the Court has also reviewed the entire record in the context of the less restrictive requirements of Code § 9-6.14:17, which provides for judicial review pursuant to the Administrative Process Act. The standard of review set forth under the provisions of that Section is as follows:

When the decision on review is so to be made on such agency record, the duty of the court with respect to issues of fact is limited to ascertaining whether there was substantial evidence in the agency record upon which the agency as the trier of facts could reasonably find them to be as it did.

In this case, the grievance procedure provides that the case will be tried on the record. Again, as I have indicated, I have reviewed the record in the context of the standard provided in the Administrative Process Act, as opposed to the "final and binding" standard of Employment Dispute Resolution Act, and "substantiality of the evidence." The Court is of the

opinion that the hearing examiner's decision must be affirmed. Again, the Court finds that there was substantial evidence in the record to support that decision, and, although there is evidence in the file that Mrs. Edmonds was assigned the heavy workload and to a new position that she had not had the benefit of prior training, the hearing officer found that the periodical check-ins were backlogged and the backlog grew steadily from January of 2000 until the Group 1 violation was issued. The hearing officer considered the grievant's defense and explanation of that backlog and found that that explanation was not convincing. Having reviewed the entire record, the Court finds that there is substantial evidence in the record to support the finding of the hearing officer and that a reasonable mind would not necessarily reach a different conclusion.

Therefore, the Court finds that under either standard of review, the Court must find in favor of the University and affirm the hearing officer's finding in this matter.